ZEHMER, Chief Judge.
Bradford Blickle (Claimant) appeals a workers’ compensation order awarding him temporary total disability (TTD) benefits, temporary partial disability (TPD) benefits, and payment of a medical bill pursuant to a stipulation. The order denied all other benefits claimed. Claimant raises five issues on appeal. We affirm in part, reverse in part, and remand for further proceedings.
■ Claimant contends that the judge of compensation claims erred in failing to increase his average weekly wage (AWW) to include the value of housing furnished by Employer, Bradwood Collections, as part of his compensation for employment. Subsection 440.-02(24), Florida Statutes (Supp.1990), provides in pertinent part:
“Wages” means the money rate at which the service rendered is recompensed under *171 the contract of hire in force at the time of the injury ... together with the reasonable value of housing furnished to the employee by the employer which is the permanent year-round residence of the employee .... In employment in which an employee receives consideration for housing, the reasonable value of such housing compensation shall be the actual cost to the employer or based upon the Fair Market Rent Survey promulgated pursuant to section 8 of the Housing and Urban Development Act of 1974, whichever is less.
Claimant testified that he was told the rental value of the house was $800 per month, and upon his termination by Employer he was required to pay $100 per week rent so long as he remained in the house. The judge of compensation claims excluded the cost of housing from the computation of Claimant’s AWW, ruling that Claimant had introduced no evidence in compliance with the statutory requirements as to the value of the year-round housing provided by Employer.
Employer and Carrier argue that the judge properly determined that Claimant failed to meet his burden of proving the value of this form of compensation because Claimant failed to introduce competent, substantial evidence of both methods described in subsection 440.02(24) for proving the reasonable value of housing furnished by Employer. They argue that Claimant must prove both methods so that a comparison can be made between the figures derived from each method to determine which amount is less.
We do not construe the statute as contended by Employer and Carrier. Rather, we conclude that Claimant is not obligated to prove the reasonable value of housing compensation by presenting evidence of both methods described in subsection 440.02(24). The statute uses the word “or” to connect the two methods, thereby indicating that they are alternative methods of proof. Hence, Claimant may satisfy the requirements of the statute by presenting evidence of either “the actual cost to the employer or ... the Fair Market Rent Survey promulgated pursuant to section 8 of the Housing and Urban Development Act of 1974.” If Employer and Carrier believe that the alternative method to that proven by Claimant is the lesser, they are free to introduce evidence to that effect; but unless they do so, the judge may accept Claimant’s evidence as competent proof and infer that it is the lowest.
Claimant’s testimony that he was told the rental value of the house was $800 per month and that he was required to pay $100 per week in rent after his termination is circumstantial evidence that Employer was effectively “out-of-pocket” at least $100 per week so long as Claimant remained in the house, and thus was legally sufficient evidence to establish the actual cost of the housing to Employer based on Employer’s own rental valuation. If Employer and Carrier want to dispute this evidence, they are free to present contrary evidence showing that the actual cost to Employer is less, either by reference to other information to show Employer’s actual cost, or by introduction of the Fair Market Rent Survey. The record indicates that they failed to do so. Accordingly, we reverse the judge’s ruling on this issue and remand for further proceedings thereon that comply with this construction of the statute and evidence. The judge may receive additional evidence on this issue if he deems that necessary.
Claimant next contends that the judge erred in ruling that his request for a change in orthopedists in his amended claim for benefits filed on June 6, 1991, and set forth in the September 23, 1991, pretrial stipulation, did not constitute a new claim but was an old claim that had been acted on previously by Employer and Carrier.[1] *172 Claimant argues that the judge erred in finding that the request was an old claim, on which Employer and Carrier had already acted in a timely manner by providing Dr. Gilman, because the record indicates that authorization of Dr. Gilman was not in response to Claimant’s request for a change in orthopedic surgeons; it was clear that Claimant was dissatisfied with Dr. Gilman and Dr. Brill and was seeking a change to a new doctor.
We agree with Claimant that the record indicates that the amended claim requested “[authorization for change in treating physician and further orthopaedic care,” and was filed on June 17, 1991, after Carrier had authorized Dr. Gilman as an orthopedist. The record also indicates that Claimant again asserted the request for change in the September 23, 1991, pretrial stipulation, which also indicates that Dr. Gilman was one of the physicians who had furnished remedial treatment and that Claimant requests “authorization for change in treating orthopedist.” The pretrial stipulation merely restated the earlier claim filed in June seeking a change in orthopedic surgeons. Employer and Carrier’s authorization of Dr. Gilman could not have satisfied this request for a change, since Dr. Gilman had been authorized prior to the initial filing of this request. Accordingly, the ruling on this issue is reversed and the cause remanded for further proceedings thereon.
Finding no error in respect to the other points raised on appeal, we affirm as to each without further, discussion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
MINER and WOLF, JJ., concur.

. The order recites as to this issue:
I specifically find that the employer/servicing agent provided the claimant with a new physician pursuant to his request for a change in orthopedic doctor in a timely manner. During the course of the hearing, the claimant’s attorney insisted that there was an outstanding claim for change in treating physician. He referred to the pre-trial stipulation entered into by the parties on 9/23/91. At the time he indicated that the stipulation requested authorization for change in treating orthopedist. The claimant’s attorney insisted that this was, on its face, an obvious new claim for benefits and that the employer/servicing agent was on notice at the time of the pre-trial stipulation *172 that the claimant was seeking a change in treating physician. The defense listed on the pre-trial stipulation indicated that a second medical opinion/examination had been authorized with Dr. Gilman. There is nothing in that document that indicates that the claimant’s attorney was not aware of the defense as raised by the employer/servicing agent. I specifically find that there was no new claim for a change in treating physician as outlined in the pre-trial stipulation....